# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MUSTION 1 FT. KNOX HEARING,
   Appellant,

    v.

DEPARTMENT OF THE ARMY,
   Agency.

DOCKET NUMBER[1]
CH-0752-14-0479-I-1

DATE: March 9, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>John E. Givens</u> and <u>Timothy Shea</u>, Louisville, Kentucky, pro se.

<u>Anne E. Burnham</u> and <u>Micah I. Shirts</u>, Fort Knox, Kentucky, for the
 agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] The individual appeals that are included in this consolidation are set forth in Appendix A to this order. No petition for review was filed in the other appeals that were decided as part of the initial decision in this matter, and thus they are not listed on this appendix or addressed in this decision.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## FINAL ORDER

¶1     The appellants have filed a petition for review of the initial decision, which affirmed the agency's furlough actions.  For the reasons set forth below, we DISMISS the petition as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2     The appellants appealed the agency's furlough actions.  *Shea v. Department of the Army*, MSPB Docket No. CH-0752-13-1521-I-1, Initial Appeal File (*Shea* IAF), Tab 1; *Givens v. Department of the Army*, MSPB Docket No. CH-0752-13-1372-I-1, Initial Appeal File (*Givens* IAF), Tab 1.  Their appeals were consolidated with the appeals of similarly situated employees.  *Mustion 1 Ft. Knox Hearing v. Department of the Army*, MSPB Docket Number CH-0752-14-0479-I-1, Consolidation Appeal File (CAF) Tab 1.  After holding a hearing, the administrative judge issued an initial decision on August 17, 2015, affirming the agency's furlough actions.  CAF, Tab 30, Initial Decision (ID).  On October 20, 2015, two appellants from the consolidated appeal filed a joint petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response in opposition to the appellants' petition stating that the petition should be dismissed as untimely filed without good cause shown.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶3     The Board's regulations provide that a petition for review must be filed within 35 days of the issuance of the initial decision or, if the appellant shows that he received the initial decision more than 5 days after it was issued, within 30 days after the date that the appellant received the initial decision.  5 C.F.R. § 1201.114(e).  The appellants are registered e-filers.  *Shea* IAF, Tab 1 at 2; *Givens* IAF, Tab 1 at 2.  Board documents served on registered e-filers are deemed received on the date of the electronic submission, or if served on a weekend or holiday, on the first business day after the electronic

submission.  5 C.F.R. § 1201.14(*l*).  The appellants' petition for review was due on or before September 21, 2015.

¶4        On October 22, 2015, the Clerk of the Board notified the appellants that their petition for review appeared to be untimely filed.  PFR File, Tab 2.  The Clerk of the Board explained that the Board's regulations require that petitions for review that appeared to be untimely filed must be accompanied by a motion to accept the filing as timely or to waive the time limit for good cause shown, provided the appellants with a blank copy of such a motion, and stated that any such motion was due by November 6, 2015.  *Id.*  The appellants did not file a motion for the Board to accept the petition for review as timely or waive the time limit.

¶5        The Board will waive the time limit for filing a petition for review only on a showing of good cause for the delay in filing.  5 C.F.R. §§ 1201.12, 1201.114(g).  To establish good cause for the untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Harrison v. Office of Personnel Management*, 114 M.S.P.R. 453, ¶ 5 (2010) (citing *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980)).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of the excuse and the showing of due diligence, whether the appellant is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶6        The discovery of new evidence may establish good cause for the untimely filing of a petition for review if the evidence was not readily available before the close of the record below, and is of sufficient weight to warrant an outcome

different from that of the initial decision. *See Armstrong v. Department of the Treasury*, 591 F.3d 1358, 1362 (Fed. Cir. 2010). The appellants have filed new evidence on review, the Table and Distribution Allowance for U.S. Army Human Resources Command. PFR File, Tab 1 at 5-115. However, the appellants have not alleged that this document, which predates the issuance of the initial decision, was previously unavailable despite due diligence. *See Alexander v. Department of Veterans Affairs*, 90 M.S.P.R. 591, ¶ 8 (2002) (finding that documents that were available before the initial decision were not new evidence establishing good cause for the untimely filing of a petition for review). Because the appellants have failed to show good cause for the untimely filing of their petition for review, we are dismissing the petition as untimely.

¶7      This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellants' appeals of the furlough actions.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.

APPENDIX A

Mustion 1 Ft. Knox Hearing
CH-0752-14-0479-I-1


John E. Givens                          CH-0752-13-1372-I-1

Timothy Shea                            CH-0752-13-1521-I-1